T.C. Summary Opinion 2005-144


UNITED STATES TAX COURT


KATUMBA P. KASHAMA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1811-04S.            Filed October 4, 2005.


Katumba P. Kashama, pro se.

Angela J. Kennedy, for respondent.



COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $2,320 in petitioner's Federal income tax for the year 2001. The sole issue for decision is whether petitioner is entitled to certain deductions claimed on Schedule C, Profit or Loss From Business, for the year in question in excess of amounts allowed by respondent.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Indianapolis, Indiana.

Petitioner is an independent contractor and works on a commission basis as a courier. His sole client is a delivery service called Pillow Express. Although petitioner was available to make out-of-State deliveries, his primary work for Pillow Express was local and in-State deliveries. Petitioner drove one of the two cars he owned for the majority of the deliveries; however, petitioner never made out-of-State deliveries using his own car. If he had to deliver anything outside of Indiana, petitioner would either rent a car or drive a van owned by Pillow Express. In addition, when petitioner delivered large items locally, he would use one of the vans owned by Pillow Express. Pillow Express did not charge petitioner when he had to use a company van, but it also did not reimburse petitioner for the cost of using his own vehicle to make some of the deliveries.

On his 2001 Federal income tax return, petitioner reported a net business loss of $40,668.  On Schedule C of his 2001 Federal income tax return, petitioner reported gross receipts of $20,398 and deducted the following expenses:

| Expense | Amount |
| --- | --- |
| Car and truck | $56,100 |
| Repairs and maintenance | 2,000 |
| Supplies | 520 |
| Cell phone | 1,200 |
| Uniforms | 546 |
| Furniture | 150 |
| Computer | 550 |
| Total | $61,066 |

In the notice of deficiency, respondent disallowed all but $8,145 of the claimed deductions.[2]  Petitioner bears the burden of proof in showing whether he is entitled to deductions in excess of what respondent allowed.[3]

In general, deductions are a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers

---

[2]Petitioner was allowed car and truck expenses of $5,973, cellular phone expenses of $708, and "other amounts" deducted from petitioner's paycheck by Pillow Express of $1,464.

[3]Because of the year involved, the examination of petitioner's return at issue commenced after July 22, 1998. Therefore, sec. 7491, which under certain circumstances shifts the burden of proof to the Commissioner, applies.  However, for the burden to be placed on the Commissioner, the taxpayer must comply with the substantiation and record-keeping requirements of the Internal Revenue Code.  Sec. 7491(a)(2)(A) and (B).  On this record, petitioner has not wholly satisfied that requirement; therefore, the burden has not shifted to respondent under sec. 7491.  Higbee v. Commissioner, 116 T.C. 438 (2001).

are required to maintain records sufficient to enable the Commissioner to determine their correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438 (2001); sec. 1.6001-1(a), Income Tax Regs. Such records must substantiate both the amount and purpose of the claimed deductions. Higbee v. Commissioner, supra.

Section 162 allows a deduction for ordinary and necessary expenses that are paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); Deputy v. duPont, 308 U.S. 488, 495 (1940). In the case of travel expenses and certain other expenses, such as entertainment, gifts, and expenses relating to the use of listed properties, including other property used as a means of transportation, computers, and cellular phones under section 280F(d)(4)(A), section 274(d) imposes stringent substantiation requirements to document particularly the nature and amount of such expenses.[4] For such expenses, substantiation of the amounts claimed by adequate

---

[4]Although sec. 280F(d)(4)(C) contains an exception to the definition of "property used as a means of transportation", petitioner does not qualify for the exception. Pursuant to the statute, expenses for any property, of which substantially all the use is in the business of providing transportation of property for compensation or hire, need not meet the strict substantiation standard under sec. 274(d). Petitioner, however, offered no records establishing how often the property, his two cars, was used for a business purpose and how often it was dedicated to personal use. Petitioner admittedly sometimes rented a car or used a company van to make deliveries. He was unable to prove how often he used his vehicle or whether the "substantial" use of these vehicles was for his business.

records or by other sufficient evidence corroborating the claimed expenses is required. Sec. 274(d); sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). These substantiation requirements are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner's records with respect to his car and truck expenses do not satisfy the requirements of section 274(d) and the regulations cited. Petitioner claimed that he kept adequate books and records but that they were stolen from his car. Petitioner also claimed that Pillow Express maintained records of his mileage, but he provided no substantiation from the company.

When asked about the seemingly inflated amount of car and truck expenses claimed on his 2001 Federal income tax return, petitioner stated: "I was just going to guess in my head, at the time I was doing the taxes. * * * I was just guessing because,

like I say, I lost my records. I was just guessing." Petitioner then acknowledged that the number "did not sound right" and was excessive. Petitioner offered into evidence a few invoices from Pillow Express substantiating that deliveries were made on certain dates. Petitioner testified he contemporaneously recorded the miles traveled making deliveries on those days. In addition, petitioner introduced copies of canceled checks purportedly showing the amounts spent on several occasions renting a car to make out-of-State deliveries. Petitioner claims the invoices and canceled checks substantiated the expenses petitioner listed on a worksheet he prepared for trial. The Court disregards this evidence in its entirety.

The Court is not bound to accept petitioner's uncorroborated or self-serving testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). One of the invoices petitioner introduced into evidence shows that petitioner made 21 stops on a certain day. Petitioner wrote on the invoice that he traveled 250 miles in making the deliveries. However, the addresses listed on the invoice are all within one block of each other in Indianapolis. In fact, several of the businesses petitioner made deliveries to on that day were located in the same building. With regard to the canceled checks, many of the copies admitted into evidence appear to have been altered to increase the amount paid to rental agencies. In light of petitioner's admission that he "guessed"

the amount of car and truck expenses, the Court declines to consider this evidence due to lack of credibility.

The Court holds that petitioner's car and truck expenses were not properly substantiated under the cited legal authority. Petitioner, therefore, is not entitled to deductions in excess of amounts allowed by respondent for car and truck expenses.

With respect to the amount deducted for cellular phone expenses, petitioner presented no additional receipts showing he was entitled to a deduction in excess of what was allowed by respondent. In addition, petitioner offered no evidence substantiating the purchase of a computer for use in his business. Because cellular phones and computers are listed property under section 280F(d)(4)(A), section 274(d) applies. Petitioner did not meet the strict substantiation requirement of section 274(d). These two expenses, therefore, are not allowed.

Finally, petitioner claimed expenses for supplies, uniforms, and furniture in excess of the amounts respondent allowed. Petitioner presented copies of canceled checks as the only evidence in support of these expenses. In light of petitioner's inadequate record keeping and questionable credibility, the Court declines to accept this evidence. Therefore, respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>